UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Polina Baratova,

                                           *Plaintiff*,                   Case No.:

                  - *against* -                           **Jury Trial Demanded**

Sophia Collier,                                            <u>**COMPLAINT**</u>

                                           *Defendant*.
-----------------------------------------------------------------X

Plaintiff Polina Baratova ("Plaintiff" or "Baratova") by and through her attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to herself, brings this complaint against Defendant Sophia Collier (the "Defendant"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, spread of hours pay, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

1

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF POLINA BARATOVA

6. Plaintiff Baratova was employed as a home health aide for Defendant from on or around March 2016 through May 2021.

7. Plaintiff Baratova was employed as a non-managerial for Defendant from on or around March 2016 through May 2021.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

### DEFENDANT SOPHIA COLLIER

9. Defendant Sophia Collier is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

10. Defendant Sophia Collier determined the wages and compensation of Plaintiff, established the schedules of Plaintiff, maintained Plaintiff's records, and had the authority to hire and fire Plaintiff.

11. At all times relevant to this Complaint, Defendant Sophia Collier was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

## FACTUAL ALLEGATIONS

12. Plaintiff was an employee of Defendant.

13. Plaintiff worked as a home health aide for Defendant.

14. Plaintiff's duties and responsibilities as a home health aide included, *inter alia*: providing direct support to an elderly patient, assisting with administering medication, assisting with the maintenance of good personal hygiene (such as helping with bathing, dressing, and using the restroom), cooking and cleaning, assisting with daily household tasks, accompanying the patient to appointments (including physical therapy and doctor's appointments), accompanying the patient to errands, answering and returning phone calls, tending to emergencies, and being "on-call" as-needed.

15. From approximately March 2016 through and including March 2020, Plaintiff was required to be on-call at a residential property, located at 26 Jericho Road, East Hampton, NY 11937, twenty-four (24) hours per day, five (5) days per week, to perform home health aide services.

16. From approximately March 2016 through and including March 2020, Plaintiff generally worked the following schedule: 7:00 a.m. to 9:00 p.m. (*i.e.,* 14 hours per day), five (5) days per week, for a total period of approximately 70 hours during each of the weeks, respectively.

17. From approximately April 2020 through and including May 2021, Plaintiff generally worked the following schedule: 7:00 a.m. to 9:00 p.m. (*i.e.,* 14 hours per day), seven (7) days per week, for a total period of approximately 98 hours during each of the weeks, respectively.

18. During these periods, Plaintiff was required to address emergent issues in the early hours of the morning, every other night.

19. Specifically, Plaintiff was required to wake up at 2:00 a.m., every other night, to

turn the elderly patient over on her side, in bed.

20. From approximately March 2016 through and including May 2021, Defendant paid Plaintiff a flat salary of $350 per day.

21. Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her regular rate of pay for those hours.

22. At all relevant times, Defendant did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day her shift exceeded ten (10) hours.

23. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

24. Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

25. Defendant did not give any notice to Plaintiff of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

26. At all relevant times, Defendant did not pay Plaintiff at the rate of one and one-half times her hourly wage rate for hours worked in excess of forty per workweek.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

27. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

28. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

29. Defendant was required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek

pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

30. Defendant failed to pay Plaintiff the overtime wages to which she is entitled under the FLSA.

31. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

32. Due to Defendant's willful violations of the FLSA, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

33. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

34. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

35. Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

36. Defendant failed to pay Plaintiff the overtime wages to which she is entitled under the NYLL.

37. Defendant willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages at one and one-half times her agreed-upon regular rate of pay (*i.e.,* $25.5 per hour).

38. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action

and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Spread-of-Hours Pay)

39. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

40. Defendant willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

41. By Defendant's failure to pay Plaintiff spread-of-hours pay, Defendant willfully violated §650 *et seq*. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

42. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

43. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

44. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

45. In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging

6

allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

46. Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FIFTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

47. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

48. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

49. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## SIXTH CLAIM
### (Failure to Pay Timely Wages)

50. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51. NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

52. As described above, throughout her employment with Defendant, Plaintiff was paid her wages bi-weekly.

53. As a result of Defendant's violation of NYLL § 191(1)(a), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendant violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

b. declaring that Defendant violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

c. declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;

d. declaring that Defendant violated the timely pay provisions of the NYLL;

e. awarding Plaintiff unpaid overtime wages;

f. awarding Plaintiff unpaid spread-of-hours pay;

g. awarding unpaid wages under New York State law for failure to pay timely wages;

h. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

i. awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

l. Such other relief as this Court deems just and proper.

Dated: New York, New York
      May 16, 2022

Respectfully submitted,

By: <u>/s/ Joshua Levin-Epstein</u>
    Joshua Levin-Epstein
    Jason Mizrahi
    Levin-Epstein & Associates, P.C.
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel: (212) 792-0046
    Email: Joshua@levinepstein.com
    *Attorneys for the Plaintiff*