**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Polina Baratova,

                                *Plaintiff*,

              *- against -*

Sophia Collier,

                             *Defendant*.
-------------------------------------------------------------X

Case No.: 22-cv-02898-NM-RER

Hon. Nina Morrison, U.S.D.J.

 

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
<u>**PURSUANT TO FED.R.CIV.P. 55(b)**</u>

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
*Attorneys for Plaintiff*

Dated: New York, New York
       October 28, 2022

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL BACKGROUND ................................................................................ 2

    I.   The Underlying Action ............................................................................ 2

    II.  The Filing, and Service of the Complaint ............................................. 3

LEGAL STANDARD ............................................................................................ 3

    I.   Entry of a Default Under Fed.R.Civ.P. 55(b) ...................................... 3

ARGUMENT ........................................................................................................ 4

    I.   Default is Warranted Under Fed.R.Civ.P. 55(b)(2) .......................... 4

        A.  Defendant Has Failed to Respond to the Complaint .................... 5

        B.  Substantive Material Issues of Fact are not in Dispute ............... 6

            i.  Defendant Employed Plaintiff ............................................... 7

            ii.  Plaintiff's Overtime Claims .................................................. 9

               a.  Plaintiff's Regular Rate of Pay ................................... 9

            iii.  Plaintiff's Spread-of-Hours Claim ....................................... 11

            iv.  Liquidated Damages .............................................................. 12

            v.  Plaintiff's WTPA Claims ...................................................... 12

            vi.  Pre-Judgment Interest .......................................................... 13

            vii. Attorneys' Fees ..................................................................... 14

CONCLUSION ..................................................................................................... 16

# **TABLE OF AUTHORITIES**

## **Cases**

*Anthony v. Franklin First Fin., Ltd.*,
 844 F. Supp. 2d 504 (S.D.N.Y. 2012)................................................................. 14

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
 522 F.3d 182 (2d Cir. 2008)............................................................................... 15

*Asllani v. Hoti*,
 2020 WL 5439761 (S.D.N.Y. 2020)............................................................ 12, 13

*Badian v. Brandaid Communications Com.*,
 2004 WL 1933573 (S.D.N.Y. 2004).................................................................. 4, 5

*Barfield v. New York City Health & Hosps. Corp.*,
 537 F.3d 132 (2d Cir. 2008)................................................................................. 8

*Briaroatch Ltd., L.P. v. Geisler Roberdeau, Inc.*,
 513 F. Supp. 2d 1 (S.D.N.Y. 2007) ................................................................... 4, 5

*Carter v. Dutchess Cmty. Coll.*,
 735 F.2d 8 (2d Cir. 1984)..................................................................................... 8

*CIT Bank, N.A. v. Nwanganga*,
 328 F. Supp. 3d 189 (S.D.N.Y. 2018).................................................................. 6

*City of New York v. Mickalis Pawn Shop, LLC*,
 645 F.3d 114 (2d Cir. 2011)................................................................................. 7

*Diggs v. Kralik*,
 2006 WL 1951863 (S.D.N.Y. 2006)..................................................................... 4

*Feliciano v. Yoon et al*,
 Case No. 18-cv-06361-DLI-JO (E.D.N.Y. 2020).............................................. 15

*Glatt v. Fox Searchlight Pictures Inc.*,
 293 F.R.D. 516 (S.D.N.Y. 2013) ......................................................................... 8

*Guerra v. Trece Corp.*,
 2021 WL 1893593 (S.D.N.Y. 2021).................................................................. 15

*Gunnells v. Teutul,*
    392 F. Supp. 3d 451 (S.D.N.Y. 2019) ................................................................. 4

*Healey v. Leavitt,*
    485 F.3d 63 (2d Cir. 2007) ................................................................................. 14

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983) ........................................................................................... 14

*Kuebel v. Black & Decker Inc.,*
    643 F.3d 352 (2d Cir. 2011) ................................................................................. 9

*Laureano-Capellan v. Chirichella et al,*
    Case No. 20-cv-00360-RER (E.D.N.Y. 2020) ................................................... 15

*Lopez v. Nights of Cabiria, LLC,*
    96 F. Supp. 3d 170 (S.D.N.Y. 2015) .................................................................. 14

*Lopez v. Royal Thai Plus, LLC,*
    2018 WL 1770660 (E.D.N.Y. 2018) ................................................................... 10

*Meide Zhang v. Liang Zhang,*
    2020 WL 9256464 (S.D.N.Y. 2020) ................................................................... 15

*Millea v. Metro-North Railroad Co.,*
    658 F.3d 154 (2d Cir. 2011) .............................................................................. 14

*Moon v. Kwon,*
    248 F.Supp.2d 201 (S.D.N.Y. 2002) .................................................................... 9

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,*
    723 F.3d 192 (2d Cir. 2013) ................................................................................. 9

*Salazar v. 203 Lena Inc.,*
    2020 WL 5627118 (S.D.N.Y. 2020) ................................................................... 15

*Savoie v. Merchs. Bank,*
    166 F.3d 456 (2d Cir. 1999) .............................................................................. 14

*Shah v. New York State Dept. of Civil Serv.,*
    168 F.3d 610 (2d Cir. 1999) ................................................................................. 4

*Simmons v. New York City Transit Auth.,*
    575 F.3d 170 (2d Cir. 2009) ........................................................................ 15

*Stein v. Greenfeld et al,*
    Case No. 20-cv-01929-ARR-CLP (E.D.N.Y. 2020) ...................................... 15

*Ting Yao Lin v. Hayashi Ya II, Inc.,*
    2009 WL 289653 (S.D.N.Y. 2009) .............................................................. 13

*Valerio v. K.A.M. Food Store, Inc.,*
    2019 WL 7764707 (E.D.N.Y. 2019) ............................................................ 10

*Vargas v. Jet Peru-Courier Corp.,*
    2018 WL 1545699 (E.D.N.Y. 2018) .............................................................. 9

*Zhang v. Zhang,*
    2021 WL 1154084 (S.D.N.Y. 2021) ............................................................ 15

*Zheng v. Liberty Apparel Co.,*
    355 F.3d 61 (2d Cir. 2003) ............................................................................ 8

## Statutes

12 NYCRR § 142-2.18 .......................................................................................... 13

12 NYCRR § 142-2.4 ............................................................................................ 13

12 NYCRR § 146-1.6 ............................................................................................ 13

12 NYCRR § 146-1.6(a) ........................................................................................ 13

12 NYCRR § 146-3.5 (2013) ................................................................................ 11

29 C.F.R. § 778.112 .............................................................................................. 11

29 C.F.R. § 791.2 .................................................................................................... 9

29 U.S.C. § 203(d) .................................................................................................. 8

29 U.S.C. § 203(g) .................................................................................................. 8

29 U.S.C. § 203(s)(1)(A)(ii) .................................................................................... 8

29 U.S.C. § 206(a)(1) ............................................................................... 8

29 U.S.C. § 207(a)(1) ............................................................................... 8

29 U.S.C. § 216(b) ....................................................................... 10, 12, 15

29 U.S.C. § 255(a) ................................................................................. 10

Fed.R.Civ.P. 4(h). ................................................................................... 6

Fed.R.Civ.P. 55(b)(2) ............................................................................. 4

Fed.R.Civ.P. 8(b)(6) ............................................................................... 8

N.Y. Bus. Corp. Law § 304 ................................................................... 6

N.Y. Bus. Corp. Law § 306 ................................................................... 6

N.Y. CPLR § 5001 ............................................................................... 14

N.Y. Lab. Law § 195(1)(a) ................................................................. 14

N.Y. Lab. Law § 195(3) ...................................................................... 14

N.Y. Lab. Law § 650 ........................................................................... 10

N.Y. Lab. Law § 663(1) .................................................................. 12, 15

Plaintiff Polina Baratova ("Plaintiff"), by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submits this Memorandum of Law, the Affidavit of Polina Baratova (the "Baratova Aff."), and the Declaration of Jason Mizrahi (the "Mizrahi Decl.") and the exhibits annexed thereto, in support of Plaintiff's motion for default judgment against Defendant Sophia Collier ("Defendant"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 55(b) (the "Motion for Default"), and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

Defendant's failure to appear, plead, or otherwise defend against Plaintiff's complaint filed on May 18, 2022 [Dckt. No. 1] (the "Complaint") warrants the entry of a default judgment pursuant to Fed.R.Civ.P. 55(b).

On August 4, 2022, the Defendant was served a Summons and Complaint, with Civil Cover Sheet. [Dckt. No. 3]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before August 25, 2022. On August 16, 2022, Proof of Service was filed with the Court. [Dckt. No. 9]. However, to date, Defendant has not answered or otherwise responded to Plaintiff's Complaint and that time for Defendant to do so has expired.

Accordingly, this Court should grant Plaintiff's Motion for Default against Defendant, and enter an Order awarding damages to Plaintiff for: unpaid overtime wage compensation, liquidated damages, spread-of-hours pay, up to five thousand dollars ($5,000) for Defendant's failure to provide a Time of Hire Notice detailing rates of pay on each pay day, pursuant to the New York State Wage Theft Prevention Act ("WTPA"), up to five thousand dollars ($5,000) for Defendant's failure to provide a paystub that accurately and truthfully lists the employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum

1

wage, and the employee's gross and net wages for each pay day, pursuant to the WTPA, prejudgment and post-judgment interest; and attorneys' fees and costs, together with such other relief as this Court deems just and proper.

## FACTUAL BACKGROUND

### I.     The Underlying Action

As alleged in the Complaint, Plaintiff was employed as a home health aide at Defendant's residential property, located at 26 Jericho Road, East Hampton, NY 11937, from approximately March 2016 through and including May 31, 2021. [Dckt. No. 1 at ¶¶ 6, 13]. Plaintiff regularly worked twenty-four (24) hours per day, five (5) days per week. [*Id.* at ¶ 15]. From approximately March 2016 through and including March 2020, Plaintiff worked five (5) days per week: 7:00 a.m. to 9:00 p.m. (*i.e.,* fourteen (14) hours per day), for a total period of approximately 70 hours during each of the weeks, respectively. [*Id.* at ¶ 16]. From approximately April 2020 through and including May 2021, Plaintiff worked the following schedule: 7:00 a.m. to 9:00 p.m. (*i.e.,* 14 hours per day), seven (7) days per week, for a total period of approximately 98 hours during each of the weeks, respectively. [*Id.* at ¶ 17].

During these periods, Plaintiff was required to address emergent issues in the early hours of the morning, every other night. Specifically, Plaintiff was required to wake up at 2:00 a.m., every other night, to turn the elderly patient over on her side, in bed. [*Id.* at ¶¶ 18-19].

From approximately March 2016 through and including May 2021, Defendant paid Plaintiff a flat salary of $350 per day. [*Id.* at ¶ 20]. Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her regular rate of pay for those hours. [*Id.* at ¶ 21]. At all relevant times, Defendant did not compensate Plaintiff for one hour's pay at the basis minimum hourly wage rate for each day her shift exceeded ten (10) hours. [*Id.* at ¶ 22]. The Complaint also alleges that Defendant failed to

provide Plaintiff with a written notice of rate of pay, all as required by NYLL and the WTPA. [*Id.* at ¶¶ 24-25].

## II.      The Filing, and Service of the Complaint

Plaintiff filed the Complaint on May 18, 2022. [Dckt. No. 1]. On May 18, 2022 Plaintiff filed one (1) Request for Issuance of Summon as to Defendant. [Dckt No. 4]. An electronic summons was subsequently issued on May 18, 2022. [Dckt. No. 8]. On August 4, 2022 the Defendant was served a Summons and Complaint. [Dckt. No. 9]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before August 25, 2022. On August 16, 2022, Proof of Service was filed with the Court. [*Id.*]. However, to date, Defendant has not answered or otherwise responded to Plaintiff's Complaint and that time for Defendant to do so has expired. On October 11, 2022, the Clerk of Court entered a Clerk's Certificates of Default as to Defendant. [Dckt. No. 13].

## **LEGAL STANDARD**

## I.      Entry of a Default Under Fed.R.Civ.P. 55(b)

Fed.R.Civ.P. 55(b)(2)[1] provides that a court may enter a judgment of default upon the application of one party and notice to the defaulting party. *Diggs v. Kralik*, 2006 WL 1951863, at

---

[1] Fed.R.Civ.P. 55(b)(2) states:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(2).

*1 (S.D.N.Y. 2006). In determining whether a default judgment should be entered under Fed.R.Civ.P. 55(b)(2), a Court may exercise its sound judicial discretion. *Gunnells v. Teutul*, 392 F. Supp. 3d 451, 453 (S.D.N.Y. 2019); *see also Briaroatch Ltd., L.P. v. Geisler Roberdeau, Inc*., 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007); *Badian v. Brandaid Communications Com*., 2004 WL 1933573 (S.D.N.Y. 2004); *Shah v. New York State Dept. of Civil Serv*., 168 F.3d 610, 615 (2d Cir. 1999). "The dispositions of motions for entries of defaults and default judgments…are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Gunnells*, 392 F. Supp. 3d at 453  (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The Court may consider various factors, including:

> "[T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant."

*Badian*, 2004 WL 1933573 (quotation marks and citation omitted). Moreover, the Court may consider whether: (1) a party has failed to plead or otherwise defend; (2) substantive material issues of fact appear to be in dispute; and (3) it appears unlikely that a party would be able to demonstrate the good cause necessary to vacate a default judgment pursuant to Fed.R.Civ.P. 55(c). *Briaroatch*, 513 F. Supp. 2d at 3.

## <u>ARGUMENT</u>

### I.    Default is Warranted Under Fed.R.Civ.P. 55(b)(2)

As set forth more fully below, a default judgment is warranted under Fed.R.Civ.P. 55(b)(2) for three distinct reasons. First, Defendant has failed to respond to the Complaint, and her time to plead or otherwise defend this action has expired. Second, Plaintiff has satisfied his burden of

proof demonstrating Defendant's violation of the FLSA and NYLL. Third, no good cause exists to vacate a default judgment.

### A. Defendant Has Failed to Respond to the Complaint

New York Civil Practice Law and Rules ("CPLR") § 308 ("Personal Service Upon a Natural Person") provides that, "[p]ersonal service upon a natural person shall be made by any of the following methods:"

> (1) by delivering the summons within the state to the person to be served; or
>
> (2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[2] in an envelope bearing the legend 'personal and confidential ...; or
>
> (3) by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318.

CPLR § 308(1)-(3).

When service under CPLR §§ 308(1) and (2) cannot be made with due diligence, CPLR § 308(4) holds that service may be effectuated:

> (4) …by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other ...

*Id*. § 308(4).

Generally, courts have held "that three attempts at a residence or place of business, on non-

---

[2] "'Actual place of business' shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." CPLR § 308(6).

consecutive dates and at times when the defendant would be expected to be there, are sufficient." *United States v. Phillips*, 2022 WL 256954, at *4 (E.D.N.Y. 2022), *report and recommendation adopted*, 2022 WL 256576 (E.D.N.Y. 2022) (internal citations and quotations omitted).

In New York, a process server's affidavit of service establishes a *prima facie* case of the account of the method of service, and thus, in the absence of contrary facts, [a court] presume[s] that [the defendant] was properly served with the complaint*." CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 198 (S.D.N.Y. 2018) (citing *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002)).

Plaintiff filed the Complaint on May 18, 2022. [Dckt. No. 1]. On May 18, 2022 Plaintiff filed one (1) Request for Issuance of Summon as to Defendant. [Dckt. No. 4]. Electronic summonses were subsequently issued on May 18, 2022. [Dckt. No. 8]. On August 4, 2022 the Defendant was served a Summons and Complaint. [Dckt. No. 3]. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before August 25, 2022. On August 16, 2022, Proof of Service was filed with the Court. [Dckt. No. 9]. However, to date, Defendant has not answered or otherwise responded to Plaintiff's Complaint and that time for Defendant to do so has expired. On October 11, 2022, the Clerk of Court entered Clerk's Certificates of Default against Defendant. [Dckt. 13].Thus, Defendant has knowledge of the instant lawsuit.

**B. Substantive Material Issues of Fact are not in Dispute**

As a result of Defendant's default, the factual allegations asserted in Plaintiff's Complaint are deemed admitted. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); Fed.R.Civ.P. 8(b)(6). Moreover, the allegations in the Complaint, and in the Mizrahi Decl. and Baratova Aff. are sufficient to warrant a finding of liability against each defendant. *Id*. Thus, there are no substantive material issues of fact in dispute regarding Plaintiff's claims for

unpaid minimum wages, overtime wages, liquidated damages, spread-of-hours pay, violations of the WTPA and pre-judgment interest. Accordingly, default judgment is warranted under Fed.R.Civ.P. 55(b)(2).

### i.    Defendant Employed Plaintiff

The FLSA mandates that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess [of 40 hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). In addition, the FLSA sets forth a minimum hourly wage that an employer must pay its employees. *See id*. § 206(a)(1)(C) . The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…" *Id*. § 203(d) ; *see also id*. § 203(g)  (defining "employ" as "to suffer or permit to work"). An employee may bring suit against his employer under the FLSA where the employee was "engaged in commerce or in the production of goods for commerce," or where the employer is "an enterprise engaged in commerce or in the production of goods for commerce," *id*. § 207(a)(1) , with an annual gross volume of sales of at least $500,000, *id*. § 203(s)(1)(A)(ii) .

An employee may simultaneously have multiple "employers" for purposes of determining responsibility under the FLSA. Indeed, the regulations promulgated by the United States Department of Labor under the FLSA recognize that there may be joint liability for FLSA violations. *See* 29 C.F.R. § 791.2 ("A single individual may stand [as an employee] to two or more employers at the same time under the Fair Labor Standards Act...."); *see also Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003) (collecting cases that permit claims against joint employers under the FLSA). In order to determine whether an employer-employee relationship exists for FLSA purposes, courts have adopted an "economic realities" test, "grounded in

economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (citations omitted).

The Second Circuit has identified four factors that a court should address in applying, on a case-by-case basis, the economic realities test: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (internal quotations and citations omitted); *see id.* at 12 n.1. Even in the absence of "formal control," an entity or individual may constitute an "employer" if that party had "functional control" of the employee. *See Glatt v. Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 526 (S.D.N.Y. 2013) (citing *Zheng*, 355 F.3d at 71-72), *vacated and remanded on other grounds*, 811 F.3d 528 (2d Cir. 2016). In accordance with these principles, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation...." *Moon v. Kwon*, 248 F.Supp.2d 201, 237 (S.D.N.Y. 2002) (quotations and citation omitted). Consequently, joint employers, including corporate officers with the "power to control," may be held jointly and severally liable for FLSA violations. *See Moon*, 248 F.Supp.2d at 236-37 (citations omitted) .

Plaintiff has sufficiently alleged that Defendant was her employer for purposes of the FLSA and NYLL. [*See* Dckt. No. 1 at ¶¶ 9-11]. Plaintiff has established that the Defendant is an individual engaged in business within this judicial district during the relevant time. [*Id.* at ¶ 9]. The allegations contained in the Complaint are sufficient to find that the Defendant was Plaintiff's employer under the FLSA and NYLL. [*Id.*].  *See, e.g., Vargas v. Jet Peru-Courier Corp.,* 2018 WL 1545699, at *5-6 (E.D.N.Y. 2018).

### ii.     Plaintiff's Overtime Claims

Under the FLSA, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc*., 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)). In order to establish liability under the FLSA for unpaid minimum wages or overtime pay, "a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc*., 643 F.3d 352, 361 (2d Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 686-87 (1946). Employers that violate these FLSA mandates "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA contains a two-year statute of limitations for non-willful violations, and, for willful violations, a three-year limitations period from the date that the claim accrued. *See* 29 U.S.C. § 255(a). The NYLL is quite similar to the FLSA in that it requires employers to pay a minimum hourly wage to employees, as well as overtime compensation. *See* N.Y. Lab. Law § 650 *et seq*.

### a.     Plaintiff's Regular Rate of Pay

The FLSA's definition of the "regular rate" for employees paid a weekly salary is calculated "by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113(a). Some courts have interpreted the phrase "intended to compensate" as implying that a weekly salary covers 40 hours of work absent an employment contract that provides otherwise. *See, e.g.*, *Valerio v. K.A.M. Food Store, Inc*., 2019 WL 7764707, at *5, n. 4. (E.D.N.Y. 2019), *report and recommendation adopted*, 2020 WL 473614 (E.D.N.Y. Jan. 29, 2020)

Further, under the New York Miscellaneous Industry Wage Order, the regular rate for an employee who is not paid on an hourly basis is determined "by dividing the total hours worked during the week into the employee's total earnings." 12 NYCRR § 146-3.5 (2013). Though plaintiffs have made allegations sufficient to hold defendants liable under the both the FLSA and NYLL's overtime provisions, they are "not entitled to recover under both FLSA and NYLL for overtime earned during the same period." *See Lopez v. Royal Thai Plus, LLC*, 2018 WL 1770660, at *5 (E.D.N.Y. 2018), *report and recommendation adopted*, 2018 WL 1770555 (E.D.N.Y. 2018). The Court may, however, exercise its discretion to award "damages under the statute providing the greatest amount of relief." *Id*.

As alleged in the Complaint, Plaintiff was employed as a home health aide at Defendant's residential property, located at 26 Jericho Road, East Hampton, NY 11937, from approximately March 2016 through and including May 31, 2021. [Dckt. No. 1 at ¶¶ 6, 13]. Plaintiff regularly worked twenty-four (24) hours per day, five (5) days per week. [*Id*. at ¶ 15]. From approximately March 2016 through and including March 2020, Plaintiff worked five (5) days per week: 7:00 a.m. to 9:00 p.m. (*i.e.,* fourteen (14) hours per day), for a total period of approximately 70 hours during each of the weeks, respectively. [*Id*. at ¶ 16]. From approximately April 2020 through and including May 2021, Plaintiff worked the following schedule: 7:00 a.m. to 9:00 p.m. (*i.e.,* 14 hours per day), seven (7) days per week, for a total period of approximately 98 hours during each of the weeks, respectively. [*Id*. at ¶ 17].

During these periods, Plaintiff was required to address emergent issues in the early hours of the morning, every other night. Specifically, Plaintiff was required to wake up at 2:00 a.m., every other night, to turn the elderly patient over on her side, in bed. [*Id*. at ¶¶ 18-19].

From approximately March 2016 through and including May 2021, Defendant paid

Plaintiff a flat salary of $350 per day. [*Id.* at ¶ 20]. Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her regular rate of pay for those hours. [*Id.* at ¶ 21]. At all relevant times, Defendant did not compensate Plaintiff for one hour's pay at the basis minimum hourly wage rate for each day her shift exceeded ten (10) hours. [*Id.* at ¶ 22]. The Complaint also alleges that Defendant failed to provide Plaintiff with a written notice of rate of pay, all as required by NYLL and the WTPA. [*Id.* at ¶¶ 24-25].

Plaintiff is entitled to $107,289.28 in unpaid overtime wage compensation. This calculation is predicated on an hourly rate of $25.00 from March 1, 2016 to, through and including, May 31, 2021.[3]

### iii.    Plaintiff's Spread-of-Hours Claim

Several NYLL regulations additionally provide for "spread-of-hours" compensation. "[S]pread of hours is the length of the interval between the beginning and end of an employee's workday." 12 NYCRR § 146-1.6; *see id.* § 142-2.4. "On each day on which the spread-of-hours exceeds [ten], an employee shall receive one additional hour of pay at the basic minimum hourly rate." *Id.* § 146-1.6(a) ; *see id.* § 142-2.18.

Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her regular rate of pay for those hours. At all relevant times, Defendant did not compensate Plaintiff for one hour's pay at the basis minimum hourly wage rate for each day her shift exceeded ten (10) hours.

Accordingly, Plaintiff is entitled to $17,036.43 in unpaid spread-of-hours pay. [Mizrahi Decl. at ¶ 4] [Ex. A].

---

[3] A chart detailing this calculation is annexed to the Mizrahi Decl. as **Exhibit** "**A**".

### iv. Liquidated Damages

The FLSA provides that an employer who violates the overtime compensation requirements is liable for "an additional equal amount as liquidated damages," unless the employer demonstrates to the Court that it acted in good faith and had reasonable grounds for believing that its actions were lawful. *See* 29 U.S.C. §§ 216(b), 260. The current version of the NYLL similarly authorizes an award of liquidated damages to a prevailing plaintiff "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law…" N.Y. Lab. Law § 663(1) . Liquidated damages under the NYLL are likewise calculated at 100% of the unpaid wages due to a prevailing plaintiff. *See id.* As a result of Defendant's default in this action, the record is devoid of evidence of their good faith or reasonable belief. *Asllani v. Hoti,* 2020 WL 5439761, at *4 (S.D.N.Y. 2020) (citation omitted). Therefore, Plaintiff is entitled to an award of liquidated damages under the FLSA.

Applying 100% liquidated damages as required, the Court should award Plaintiff $124,325.71 in liquidated damages for unpaid overtime wages and spread-of-hours.

### v. Plaintiff's WTPA Claims

Unlike the FLSA, the NYLL requires that employers provide employees, at the time of hiring, a notice that sets forth, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage,…; the regular pay day…; the name of the employer;… [and] the regular hourly rate and overtime rate of pay." N.Y. Lab. Law § 195(1)(a). Moreover, section 195(3) of the NYLL obligates an employer to "furnish each employee with a statement with every payment of wages, listing…the dates of work covered by that payment of wages; …rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." N.Y. Lab. Law § 195(3) . Under the WTPA, plaintiff is entitled to "$50 per workday after February 27, 2015, up to $5,000 for failure to provide a wage notice." *Asllani,* 2020 WL 5439761 at *4  (citation omitted). Moreover, plaintiff is also entitled to "$250 per workday for each workday after February 27, 2015, up to $5,000 for failure to provide a wage statement." *Id*.

The Complaint sufficiently alleges that Defendant failed to provide the wage notices required by section 195(1)(a) of the NYLL. [Dckt. No. 1 at ¶ 25] . Additionally, the Complaint sufficiently alleges that Defendant failed to provide Plaintiff with a statement with every payment of wages, in violation of section 195(3) of the NYLL. [*Id*. at ¶ 24]. Therefore, Plaintiff has properly stated claims for violations of the WTPA, and is entitled to recover the maximum penalty of $10,000 from Defendant.

### vi.    Pre-Judgment Interest

Although it is well settled that pre-judgment interest is not awardable under FLSA where liquidated damages are awarded, NYLL permits the award of both liquidated damages and prejudgment interest. *See Ting Yao Lin v. Hayashi Ya II, Inc*., 2009 WL 289653, at *7 (S.D.N.Y. 2009). "Under New York law, prejudgment interest is calculated at a rate of 9% per annum." *Id*. (citing N.Y. CPLR § 5004). Where "damages were incurred at various times, interest shall be computed…from a single reasonable intermediate date." N.Y. CPLR § 5001. The midpoint of the relevant period of plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest. *Ting Yao*, 2009 WL 289653 at *7 (S.D.N.Y. 2009).

The amount of unpaid wages due to plaintiff under the NYLL, from Defendant is $124,325.71. The relevant period of employment for those wages is March 1, 2016 through May

31, 2021. The midpoint between those dates is October 15, 2018. Thus, prejudgment interest should be awarded at a daily rate of $30.66 from October 15, 2018 until the day final judgment is entered against Defendant.

     **vii.**    **Attorneys' Fees**

Under both the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorney's fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Plaintiff bears the burden of proving the reasonableness of the fees sought. *See Savoie v. Merchs. Bank*, 166 F.3d 456, 463 (2d Cir. 1999). The traditional approach to determining a fee award is the "lodestar" calculation, which is the number of hours expended multiplied by a reasonable hourly rate. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). The Second Circuit has held that "the lodestar…creates a 'presumptively reasonable fee.'" *Millea v. Metro-North Railroad Co*., 658 F.3d 154, 166 (2d Cir. 2011). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd*., 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012). Courts can and should exercise broad discretion in determining a reasonable fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The method for determining reasonable attorney's fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008). In particular, when assessing an attorney's requested hourly rate, courts typically

consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." *See Simmons v. New York City Transit Auth*., 575 F.3d 170, 174-175 (2d Cir. 2009). Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. *See Arbor Hill*, 522 F.3d at 190.

Plaintiff respectfully recommends an hourly rate of $450 for the services of Joshua D. Levin-Epstein ("Mr. Levin-Epstein"), and $325 for the services of Eunon Jason Mizrahi ("Mr. Mizrahi").[4] Other Courts have approved Mr. Levin-Epstein & Mr. Mizrahi's proffered billing rates. *See Stein v. Greenfeld et al,* Case No. 20-cv-01929-ARR-CLP, Dckt. No. 25 at *6-7 (E.D.N.Y. 2020); *Laureano-Capellan v. Chirichella et al,* Case No. 20-cv-00360-RER, July 15, 2020 Dckt. Entry (E.D.N.Y. 2020); *Feliciano v. Yoon et al,* Case No. 18-cv-06361-DLI-JO, March 27, 2020 Dckt. Entry (E.D.N.Y. 2020). Such fees are also within the range of reasonable rates for similarly experienced attorneys. *See Guerra v. Trece Corp.,* 2021 WL 1893593, at *2 (S.D.N.Y. 2021) (approving hourly rate of $450 for partner); *Meide Zhang v. Liang Zhang,* 2020 WL 9256464, at *6 (S.D.N.Y. 2020), *report and recommendation adopted as modified sub nom*. *Zhang v. Zhang*, 2021 WL 1154084 (S.D.N.Y. 2021) (approving $450 hourly rate as "reasonable"); *Salazar v. 203 Lena Inc*., 2020 WL 5627118, at *11 (S.D.N.Y. 2020), *report and recommendation adopted,* 2020 WL 6257158 (S.D.N.Y. 2020) (recommending hourly rate of $500).

Applying the percentage method, Plaintiff respectfully requests an award of attorneys' fees in the amount of $6,662.50

Plaintiff further requests an award of $577.00 for costs incurred in filing fees ($402) and

---

[4] A brief biography and summary of qualifications of each attorney who performed billed work in this matter is included in the Mizrahi Decl. at ¶¶ 6-11. Contemporaneous billing records, documenting each attorneys' hourly rate, hours expended, and tasks worked on in the above-referenced matter, is annexed to the Mizrahi Decl. as **Exhibit "B"**.

effecting service of process ($175.00).[5]

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Default should be granted in its entirety, and this Court should enter an Order: (i) granting default judgment against Defendant in the amount of $265,890.92, consisting of $124,325.71 in unpaid overtime wages, $17,036.43 in unpaid spread-of-hours, $124,325.71 in liquidated damages, $10,000 in statutory damages under the WTPA, $6,662.50 in attorneys' fees, and $577.00 in costs; and (ii) awarding prejudgment interest on Plaintiff's unpaid wages award of $124,325.71, in an amount to be determined by the Clerk of Court, by multiplying $30.66 by the number of days from October 15, 2018 until the day final judgment is entered against Defendant; (iii) together with such other relief as this Court deems just and proper.

Dated: New York, New York
          October 28, 2022

By:     /s/ Jason Mizrahi
          Jason Mizrahi, Esq.
          Joshua D. Levin-Epstein, Esq.
          Levin Epstein & Associates, P.C.
          60 East 42nd Street, Suite 4700
          New York, NY 10165
          Telephone: (212) 792-0048
          Email: jason@levinepstein.com
          *Attorneys for Plaintiff*

---

[5] Proof of disbursements substantiating these fees are annexed to the Mizrahi Decl. as **Exhibit "D"**.