**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
Polina Baratova,

                            *Plaintiff*,        Case No.: 22-cv-02898-NM-RER

      *- against -*                      **[PROPOSED]**
                                              **DEFAULT JUDGMENT**

Sophia Collier

                            *Defendant*.
-----------------------------------------------------------------X

      THIS MATTER is before the Court on Plaintiff Polina Baratova's ("Plaintiff") motion for default judgment against Defendant Sophia Collier ("Defendant"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 55(b) (the "Motion for Default"). Having considered Plaintiff's Motion for Default, and the record, the Court enters the following findings of fact and conclusions of law:

FINDINGS OF FACT AND CONCLUSIONS OF LAW

    1.    This action was commenced by the filling of a Complaint on May 18, 2022 [Dckt. No. 1].

    2.    As alleged in the Complaint, Plaintiff was employed as a home health aide at Defendant's residential property, located at 26 Jericho Road, East Hampton, NY 11937, from approximately March 2016 through and including May 31, 2021. [Dckt. No. 1 at ¶¶ 6, 13].

    3.    Plaintiff regularly worked twenty-four (24) hours per day, five (5) days per week. [*Id.* at ¶ 15].

    4.    From approximately March 2016 through and including March 2020, Plaintiff worked five (5) days per week: 7:00 a.m. to 9:00 p.m. (*i.e.,* fourteen (14) hours per day), for a total period of approximately 70 hours during each of the weeks, respectively. [*Id.* at ¶ 16].

5. From approximately April 2020 through and including May 2021, Plaintiff worked the following schedule: 7:00 a.m. to 9:00 p.m. (*i.e.,* 14 hours per day), seven (7) days per week, for a total period of approximately 98 hours during each of the weeks, respectively. [*Id*. at ¶ 17].

6. During these periods, Plaintiff was required to address emergent issues in the early hours of the morning, every other night. Specifically, Plaintiff was required to wake up at 2:00 a.m., every other night, to turn the elderly patient over on her side, in bed. [*Id*. at ¶¶ 18-19].

7. From approximately March 2016 through and including May 2021, Defendant paid Plaintiff a flat salary of $350 per day. [*Id.* at ¶ 20]. Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her regular rate of pay for those hours. [*Id*. at ¶ 21].

8. At all relevant times, Defendant did not compensate Plaintiff for one hour's pay at the basis minimum hourly wage rate for each day her shift exceeded ten (10) hours. [*Id.* at ¶ 22].

9. The Complaint also alleges that Defendant failed to provide Plaintiff with a written notice of rate of pay, all as required by NYLL and the WTPA. [*Id.* at ¶¶ 24-25].

10. On May 18, 2022 Plaintiff filed one (1) Request for Issuance of Summon as to Defendant. [Dckt. No. 4]. Electronic summonses were subsequently issued on May 18, 2022. [Dckt. No. 8]. On August 4, 2022 the Defendant was served a Summons and Complaint. [Dckt. No. 3].

11. Pursuant to Fed.R.Civ.P. 12, an answer or other response to the Complaint was due on or before August 25, 2022.

12. On August 16, 2022, Proof of Service was filed with the Court. [Dckt. No. 9].

13. However, to date, Defendant has not answered or otherwise responded to Plaintiff's Complaint and that time for Defendant to do so has expired.

14. On October 11, 2022, the Clerk of Court entered Clerk's Certificates of Default. [Dckt. 13]. Thus, Defendant has knowledge of the instant lawsuit.

15. Pursuant to Fed.R.Civ.P. 55(b)(2), the Court finds it is appropriate to enter a judgment of default upon Defendant.

16. By virtue of the default judgment, Defendant admit the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. *Fireman's Fund Ins. Companies v. F.J. Sciame Co.*, 1993 WL 13652724, at *2 (S.D.N.Y. May 26, 1993), *report and recommendation adopted*, 1993 WL 299283 (S.D.N.Y. Aug. 4, 1993).

17. Thus, the Court finds Defendant committed the violations alleged in the Complaint. Accordingly, after due consideration, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Default against Defendant Pursuant to Fed.R.Civ.P. 55(b) is GRANTED as follows:

1. Pursuant to Federal Rules of Civil Procedure 54, 55 and 58, Default Judgment be and the same is hereby ENTERED in favor of Plaintiff Polina Baratova and against Defendant upon the Complaint [Dckt. No. 1] filed herein as follows:

**IT IS ORDERED AND ADJUDGED** that Defendant is liable for the sum of $124,325.71 as and for unpaid overtime compensation; the sum of $17,036.43 as and for unpaid spread-of-hours, the sum of $124,325.71 as and for liquidated damages the sum of $6,662.50 as and for attorneys' fees; the sum of $577.00 as and for costs; and prejudgment interest on Plaintiff's unpaid wages award of $124,325.71, in an amount to be determined by the Clerk of Court, by multiplying $30.66 by the number of days from October 15, 2018 until the day final judgment is entered against Defendant, for a total judgment amount of $_____ and;

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant is liable for the sum of $5,000 as and for Defendant's violation of NYLL § 195 (1); and

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant is liable for the sum of $5,000 as and for Defendant's violation of NYLL § 195(3).; and

**IT IS ORDERED AND ADJUDGED** that the total amounts above shall bear interest at the prevailing statutory interest rate, for which sums let execution issue forthwith.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Default Judgment forthwith and without further notice.

Dated:   Brooklyn, NY

        This _____ day of _____, 2022.

        _____

        HON. NINA MORRISON
        UNITED STATES DISTRICT JUDGE