

Brooklyn
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

November 17, 2022

*VIA ECF*
Hon. Nina R. Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Polina Baratova v. Sophia Collier</u>, 22-cv-02898-NM-RER
             Request for Pre-Motion Conference

Dear Judge Morrison:

       This firm represents the defendant Sophia Collier in the above-captioned action ("Defendant"). We write respectfully to request a pre-motion conference on Defendant's anticipated motion, pursuant to Rule 60(b), to vacate the Clerk's entry of default in this action. [Dkt. No. 13]. Although Your Honor's rules do not require a conference for such motions, we believe that one might assist in the expeditious resolution of this matter.

       Plaintiff Polina Baratova ("Plaintiff") commenced this litigation by summons and complaint on May 18, 2022. Process was purportedly served on August 4, 2022, by posting the summons and complaint at 1 Harbor Drive, Suite 209, Sausalito, CA, and mailing them to that same address. [Dkt. No. 9]. Subsequently, on October 7, 2022, Plaintiff applied to the Court for a certificate of default. [Docket No. 7].

       Although Defendant was associated with a business that was formerly located at the Sausalito address, it had moved from that address in June 2021. Consequently, when service was purportedly effectuated by "nail and mail" procedures, Defendant had no connection to that address for more than a year. As a result, she did not receive the process. Because service in this action was ineffective pursuant to both Rule 4(e) of the Federal Rules of Civil Procedure and California Code of Civil Procedure §§ 415.10 and 415.20, this Court never acquired jurisdiction over Defendant. The default entered by the Clerk's Offices is therefore null and void and must be vacated. *See Lu v. Nisen Sushi of*

*Commack,* 2022 WL 16754744, at *3 (E.D.N.Y. Aug. 29, 2022), *report and recommendation adopted*, 2022 WL 4597436 (E.D.N.Y. Sept. 30, 2022).

The default is fatally defective for another reason.  The complaint erroneously names Defendant in her personal capacity.  The actions that Defendant allegedly took giving rise to this action were taken in her capacity as a court-appointed guardian for an incapacitated individual.[1]

In New York, "once a guardian is appointed for an incapacitated person, litigation against ... the guardian as representative of the incapacitated person should not proceed without the permission of the court which appointed the guardian." *Galanova v. Nozhnik*, 2020 WL 1989285, at *3 (E.D.N.Y. April 27, 2020) (internal quotation marks omitted). Plaintiff has not received court permission to file this action, which is grounds for dismissal.  *See also Terry v. County of Suffolk*, 654 Fed. Appx. 5, 6 (2d Cir. June 7, 2016) (affirming dismissal of claims against guardian where plaintiff "did not obtain permission to sue [guardian] from the court that appointed" guardian).

Based upon those defects, we have proposed to Plaintiff's counsel that Plaintiff simply stipulate to vacate the default.  He has declined to do so.  We therefore believe that a brief conference might be helpful in avoiding needless motion practice.

We thank the Court for its consideration of this request.

          Respectfully,
          ABRAMS FENSTERMAN, LLP

          */s/ Adam M. Birnbaum*
By:   Adam M. Birnbaum, Esq. (AB-5454)
       1 Metrotech Center, 17th Floor
       Brooklyn, New York 11201
       T: (718) 253-5300 x643
       E: abirnbaum@abramslaw.com

cc:   Hon. Ramon E. Reyes Jr.
      United States Magistrate Judge

      ALL APPEARING PARTIES VIA ECF

---

[1]   *Matter of Gladys W. Collier*, Suffolk County Ct, Dec. 22, 2014, Filiberto, A.C.C.J., Index No. 873/2014.