UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────── X

Polina Baratova,                                       Case No.: 22-cv-02898-NM-RER

              Plaintiff,                       Hon. Nina Morrison, U.S.D.J.

    - against –

Sophia Collier,
              Defendant.
───────────────────────────────── X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

 

ABRAMS FENSTERMAN, LLP
Adam M. Birnbaum, Esq.
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
*Attorneys for Defendant*

Dated: Brooklyn, New York
       February 20, 2023

## **TABLE OF CONTENTS**

Authorities.................................................................................................................................. iii

Preliminary Statement.................................................................................................................. 1

Arguments and Authorities .......................................................................................................... 2

    I.    The Court Should Dismiss the Complaint for Failure to State a Claim Upon Which Relief May Be Granted .................................................................................................................. 2

        a.    Collier Enjoys Quasi-Judicial Immunity ....................................................................... 2

    II.    The Complaint Should be Dismissed for Insufficient Service Pursuant to Rule 12(b)(5).. 4

        a.    Plaintiff Did Not Serve Defendant at her Actual and Usual Place of Business or Abode 5

        b.    In Light of Plaintiff's Failure to Effectively Serve Defendant, this Action Should Be Dismissed .................................................................................................................... 7

Conclusion ................................................................................................................................. 11

# AUTHORITIES

**Cases**

Alvarez v. Michael Anthony George Const. Corp., 15 F.Supp.3d 285 (E.D.N.Y. 2014) .............. 9

Amsel v Gerrard, 216-CV-999(RFB)(GWF), 2018 WL 4704034 (D.Nev. Sept. 30, 2018) .......... 3

Bridget M. v. Billick, 36 A.D.3d 489 (N.Y. Sup. Ct. App. Div. 1st Dept. 2007) .......................... 2

Cont'l Hosts, Ltd. v. Levine, 170 A.D.2d 430 (N.Y. Sup. Ct. App. Div. 2d Dept. 1991) .............. 7

Crossen v. Bernstein, 91–cv–3501 (PKL), 1994 WL 281881 (S.D.N.Y. June 23, 1994) .............. 7

DeLuca v. AccessIT Group, Inc., 695 F.Supp.2d 54 (S.D.N.Y. 2010) .......................................... 9

elmani v. City of New York, 100 A.D.3d 861 (N.Y. Sup Ct. App. Div. 2d Dept. 2012) ............... 6

Eschmann v. White Plains Crane Serv., 11 Civ. 5881 (KAM) (VVP), 2014 WL 1224247 (E.D.N.Y. Mar. 24, 2014) ........................................................................................................................ 9

Fantasia v. Off. of Receiver of Com'n on Mental Health Services, CIV.A. 01-1079-LFO, 2001 WL 34800013 (D.D.C. Dec. 21, 2001) ................................................................................. 3

Flaherty v. Dixon, 22 CIV. 2642 (LGS), 2023 WL 2051861 (S.D.N.Y. Feb. 16, 2023) ............... 9

Harper v. N.Y.C. Admin. for Children's Serv's., 09–CV–2468, 2010 WL 23328 (S.D.N.Y. Jan. 5, 2010) ...................................................................................................................................... 8

Jackson v. Cnty. of Nassau, 339 F.Supp.2d 473 (E.D.N.Y. 2004) ................................................ 5

Mahoney v. Amekk Corp., 14CIV4131ENVVMS, 2016 WL 6585810 (E.D.N.Y. Sept. 30, 2016), *report and recommendation adopted*, 14CV4131ENVVMS, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016) ............................................................................................................................... 10

McCray v. Petrini, 622 N.Y.S.2d 815 (N.Y. Sup. Ct. App. Div. 2d Dept. 1995) .......................... 7

McKenna v. Wright, 386 F.3d 432 (2d Cir 2004) ......................................................................... 2

Mende v. Milestone Tech., Inc., 269 F.Supp.2d 246 (S.D.N.Y. 2003) .......................................... 4


Pearson v. Bd. of Educ. of City of New York, 02–cv–3629 (RCC), 2004 WL 2297354 (S.D.N.Y. Oct. 12, 2004) ................................................................................................................ 7

Rosario v. NES Med. Servs. of New York, P.C., 105 A.D.3d 831 (N.Y. Sup. Ct. App. Div. 2d Dept 2013) ............................................................................................................................... 7

St.-Jean v. D.C., 74 F.Supp.3d 274 (D.D.C. 2014) ........................................................................ 3

Taron Partners, LLC v. McCormick, 173 A.D.3d 927 (N.Y. Sup. Ct. App. Div. 2d Dept 2019) .. 8

Vidurek v. Pollen, 128 A.F.T.R.2d 2021-5771 (S.D.N.Y. Sept. 7, 2021) ...................................... 5

Wright v. Rickards, 94 A.D.3d 874, 942 N.Y.S.2d 153 (N.Y. Sup. Ct. App. Div. 2d Dept. 2012) 3

Zapata v. City of New York, 502 F.3d 192 (2d Cir 2007) ............................................................ 10

**Statutes**

Cal. Civ. Proc. § 415.10 ................................................................................................................. 4

Cal. Civ. Proc. § 415.20 ................................................................................................................. 5

N.Y. CPLR § 308 .................................................................................................................. 5, 6, 8

N.Y. CPLR § 313 ........................................................................................................................... 5

N.Y. Lab. Law § 663 ..................................................................................................................... 9

**Other Authorities**

Fed. R. Civ. P. 4(m) advisory committee's note (1993 Amendments) .......................................... 7

**Rules**

Fed. R. Civ. P. 4(e) ........................................................................................................................ 4

Fed. R. Civ. P. 4(m) ....................................................................................................................... 7

**PRELIMINARY STATEMENT**

The Plaintiff, Paulina Baratova, commenced this action by the filing of a summons and complaint on May 18, 2022, Docket No. 1. A summons for the named Defendant, Sophia Collier, issued on May 18, 2022, Docket No. 8. On August 16, 2022, Plaintiff filed an affidavit of service which reflected that the summons and complaint had been served by "nail and mail" service, with the listed service address being 1 Harbor Drive, Suite 209, Sausalito, California on August 4, 2021, Docket No. 9. Plaintiff thereafter, at the Court's direction, Docket Entry dated September 29, 2022, proceeded to request a clerk's certificate of default, Docket No. 11, which was issued on October 11, 2022, Docket No. 13.

Defendant was initially named guardian of the property and personal needs co-guardian of Gladys W. Collier in an order of the County Court of Suffolk, New York, on April 1, 2015. Declaration of Sophie Collier ("Collier Decl.") ¶ 2, Ex. 1. She was later, on April 27, 2017, named full guardian of her mother in an order of the Supreme Court of the State of New York, County of Suffolk, Collier Decl. ¶ 3, Ex. 2. In retaining Plaintiff, Collier was acting in her capacity as her ward's court-appointed guardian, and pursuant to powers specifically enumerated in the Supreme Court's Order. Collier Decl. 6, Ex 2 at 5. There is no allegation in the Complaint or otherwise that Plaintiff requested permission of the guardianship court to commence this lawsuit.

The address where Plaintiff directed her service was not Defendant's actual and usual place of business on the date of service, August 4, 2022. Collier Decl. 10. On the date of service, Defendant had not used the address to which service was directed for nearly one year. Collier Decl. 14. The address on the Summons which supposedly indicated Defendant's home address, and the same address to which a subsequent Order of this court was sent, Docket No. 10, were likewise directed, not to Defendant's home address, but to the home address of Defendant's mother and ward, and the address where Plaintiff formerly provided services, Collier Decl. ¶ 4. As Plaintiff

1

had formerly worked at that address in East Hampton, New York, Plaintiff knew that Defendant did not reside there, and further knew that mail directed to that address could not be delivered. Collier Decl. ¶ 19.

Plaintiff failed to conduct reasonable diligence to ensure the address she used for service of process was the Defendant's actual place of business. The time for Plaintiff to serve the summons and complaint lapsed months ago, and any prejudice accruing to the Plaintiff as a result of her lack of reasonable diligence already existed at the commencement of this action. The Court should dismiss the Plaintiff's complaint for insufficient service pursuant to Rule 12(b)(5). The court should also, pursuant to Rule 12(b)(6), dismiss this action for failure to state a claim upon which relief may be granted, as the failure to seek the permission of the guardianship court prior to suing the guardian is fatal to the action.

## ARGUMENTS AND AUTHORITIES

I. The Court Should Dismiss the Complaint for Failure to State a Claim Upon Which Relief May Be Granted

   a. Collier Enjoys Quasi-Judicial Immunity

A party seeking dismissal based on judicial immunity should move for "dismissal pursuant to Rule 12(b)(6) […] since judges are immune from suit for their decisions, and therefore it would be manifestly unfair to hold liable the ministerial officers who carry out the judicial will." McKenna v. Wright, 386 F.3d 432, 435 (2d Cir 2004) [internal quotes and citations omitted]. Legal guardians, as agents of the court acting pursuant to court order, enjoy judicial immunity for actions taken pursuant to their powers. Bridget M. v. Billick, 36 A.D.3d 489, 490 (N.Y. Sup. Ct. App. Div. 1st Dept. 2007). As such, litigation against a guardian "should not proceed without the permission of the court which appointed the guardian." Galanova v. Portnoy, 432 F.Supp.3d 433, 442

2

(S.D.N.Y. 2020) *citing* Wright v. Rickards, 94 A.D.3d 874, 942 N.Y.S.2d 153, 154 (N.Y. Sup. Ct. App. Div. 2d Dept. 2012).

While there appears to be no case within this Circuit clearly dealing with a court-appointed guardian's quasi-judicial immunity in the context of an FLSA claim, there is a significant body of case law concerning a different class of individuals appointed by the courts who have a duty to carry out the court's will for the benefit of others according to the powers of their appointment: court appointed receivers. Courts of other districts, in examining the applicability of quasi-judicial immunity for court-appointed receivers acting within the scope of their appointments have consistently found that the appointed receiver enjoys immunity even from FLSA claims. Amsel v Gerrard, 216-CV-999(RFB)(GWF), 2018 WL 4704034, at *6 (D.Nev. Sept. 30, 2018) ("The Court finds [Receiver] is entitled to immunity under the quasi-judicial immunity doctrine."); *see also,* St.-Jean v. D.C., 74 F.Supp.3d 274, 279 (D.D.C. 2014) (suggesting that a court-appointed receiver acting within the scope of his appointment might enjoy quasi-judicial immunity from FLSA claims).

The Defendant herein is a court-appointed guardian. Collier Decl. ¶ 3. She was duly appointed by the order of the Supreme Court of the State of New York, Suffolk County. Id. Defendant hired Plaintiff solely for the benefit of her ward, and in her capacity as guardian. Collier Decl. ¶ 6. The power to hire, employ, and terminate staff to care for her ward was specifically with her appointed powers, Collier Decl. Ex. 2 at 5. Because the performance of her duties with respect to assistive care personnel was done pursuant to court order, they are judicial in nature, and are entitled to judicial immunity. Fantasia v. Off. of Receiver of Com'n on Mental Health Services, CIV.A. 01-1079-LFO, 2001 WL 34800013, at *3 (D.D.C. Dec. 21, 2001) ("Plaintiff's [District of

3

Columbia wrongful termination] claims against the receiver are here dismissed; he is entitled to absolute immunity.")

The rule from Galanova, supra, was not qualified in any way; leave from the guardianship court is required before the guardian may be sued for acts taken within the scope of her appointing powers. The Plaintiff is not thereby entirely barred from commencing a lawsuit against the Defendant. But because Collier was acting in her capacity as a court-appointed guardian, the Plaintiff may not commence a lawsuit against Collier without first seeking the permission of the Supreme Court of the State of New York, County of Suffolk, which appointed Defendant. Because this was never done, the Court should dismiss the Plaintiff's complaint for failure to state a claim upon which relief may be granted.

II. The Complaint Should be Dismissed for Insufficient Service Pursuant to Rule 12(b)(5)

The Federal Rules of Civil Procedure provide that an individual may be served within the United States either by (a) delivering a copy of the summons and complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A) - (C). The Rules also permit service to be effected in accordance with the law of the state where service is made (in this case, California) or where the action is pending (New York). Fed. R. Civ. P. 4(e)(1). "When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Mende v. Milestone Tech., Inc., 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003) [internal quotes and citations omitted].

The service rules for New York and California are similar, and both states' rules mirror the service rules in federal court. California law permits a summons to be served by "personal delivery of a copy of the summons and of the complaint to the person to be served," Cal. Civ. Proc. § 415.10,

4

"leaving a copy of the summons and complaint during usual office hours in [the party's] office, or, if no physical address is known, at his or her usual mailing address," Cal. Civ. Proc. § 415.20(a), or "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address ..." Cal. Civ. Proc. § 415.20(b). New York law is similar, allowing for service "by delivering the summons within the state to the person to be served; or ... by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served ..." N.Y. CPLR § 308. While CPLR § 308(2) requires that service be made "within the state" of New York, N.Y. CPLR § 313 states that an out-of-state individual "may be served with the summons without the state, in the same manner as service is made within the state." *See,* Vidurek v. Pollen, 128 A.F.T.R.2d 2021-5771 (S.D.N.Y. Sept. 7, 2021).

  a. Plaintiff Did Not Serve Defendant at her Actual and Usual Place of Business or Abode

Plaintiff bears the burden of demonstrating sufficient service. Plaintiff's affidavit of service indicates that she served the Defendant by affixing the summons and complaint to the door of 1 Harbor Drive, Suite 209, Sausalito, California ("Harbor Drive"), and by mailing the summons and complaint to that same address on August 4, 2022, which she alleged was Defendant's actual place of business. No explanation is provided in the Plaintiff's affidavit of service or her later request for a clerk's certificate of default, Docket No. 12, for why she believed Harbor Drive was Sophia Collier's "actual place of business" on the date of service. Jackson v. Cnty. of Nassau, 339 F.Supp.2d 473, 478 (E.D.N.Y. 2004) (the "actual place of business is a defendant's business address at the time of service, and not when the cause of action arose.")

The summons in this action, Docket No. 8, indicated that 26 Jericho Road, East Hampton, New York was the defendant's address. Defendant has not lived that that address in 50 years, Collier Decl. 19, and Plaintiff, as someone who was present at that address on a near-daily basis

5

for years, knew this. Id. The affidavit of service for the summons and complaint, Docket No. 9, alleges that Harbor Drive was Collier's "actual place of business" without explaining the factual basis for this allegation. The affidavit of service claims that the process server exercised "due diligence" in attempting to deliver the summons and complaint three times to Harbor Drive, but does not indicate what steps, if any, were taken to confirm that Collier used that address as her "actual place of business" at the time of service. Plaintiff did not reference any business reports, search of public records, or other efforts she took to confirm that this was Collier's actual place of business.

Harbor Drive was not Collier's actual place of business on August 4, 2022, and had not been for nearly one year. Collier Decl. 19. A search of public records would have revealed that Collier's business had relocated months before service was attempted, Collier Decl. ¶¶ 12 – 13. Collier did not actually receive the summons and complaint, Collier Decl. ¶¶ 17 – 19, and indeed had no notice of this lawsuit until after the Plaintiff applied for, and received, the clerk's certificate of judgment. Collier Decl. ¶ 21.

Plaintiff has not adequately established that it served Collier at her "actual place of business" in compliance with CPLR § 308(2). Plaintiff has not specified any factual basis for claiming that Harbor Drive was Collier's "actual place of business" at the time service was supposedly done. Without evidence that Plaintiff took any steps to confirm that Harbor Drive was Collier's place of business, the Court should conclude that no sufficient efforts were made. *See* Selmani v. City of New York, 100 A.D.3d 861, 861 (N.Y. Sup Ct. App. Div. 2d Dept. 2012) ("A person's 'actual place of business' must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location.")

6

In New York, "CPLR 308(2) requires strict compliance and the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made." Rosario v. NES Med. Servs. of New York, P.C., 105 A.D.3d 831, 833 (N.Y. Sup. Ct. App. Div. 2d Dept 2013). *See also* Pearson v. Bd. of Educ. of City of New York, 02–cv–3629 (RCC), 2004 WL 2297354, at *4 (S.D.N.Y. Oct. 12, 2004) ("it is well-established that CPLR 308(2) requires strict compliance") (*quoting* McCray v. Petrini, 622 N.Y.S.2d 815, 816 (N.Y. Sup. Ct. App. Div. 2d Dept. 1995)). When "the statutory requirements for service of process were not met, it is irrelevant that the [party] had actual notice of the lawsuit." Cont'l Hosts, Ltd. v. Levine, 170 A.D.2d 430, 430 (N.Y. Sup. Ct. App. Div. 2d Dept. 1991). Because Plaintiff does not provide any basis for sufficiency of service, and because Defendant has proffered documentary evidence establishing that she was no longer using Harbor Drive as her actual place of business on August 4, 2022, the Court should conclude that Plaintiff has failed to sufficiently effect service on the Defendant.

    b. <u>In Light of Plaintiff's Failure to Effectively Serve Defendant, this Action Should Be Dismissed</u>

"Fed.R.Civ.P. 4(m) provides that if service is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant unless good cause for the failure to serve is shown." Crossen v. Bernstein, 91–cv–3501 (PKL), 1994 WL 281881, at *3 (S.D.N.Y. June 23, 1994); DeLuca v. AccessIT Grp., Inc., 695 F.Supp.2d 54, 66 (S.D.N.Y. 2010). Under Rule 4(m), the Court, in the exercise of its discretion, may extend the time to serve in the absence of good cause. *See* Fed. R. Civ. P. 4(m) advisory committee's note (1993 Amendments) ("[Rule 4(m)] explicitly provides that the court shall allow additional time if there is good cause for the plaintiffs failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is

7

no good cause shown."); Harper v. N.Y.C. Admin. for Children's Serv's., 09–CV–2468, 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010).

Plaintiff filed her complaint on May 18, 2022. See Docket No. 1. Plaintiff's time to serve Collier thus lapsed on September 15, 2022, more than five months ago. Plaintiff offered little more than conclusory statements and a one-page affidavit from a California process server concerning her attempted service, and provided no details as to whether she undertook a good faith effort to locate Collier's actual place of business at the time of service. Plaintiff's Memorandum of Law in Support of Her Motion for a Default Judgment, Docket No. 15, does not even contain a recitation of what constitutes "due diligence" despite containing a reference to CPLR § 308, which imposes that obligation. Docket No. 15 at 5. Due diligence, of course, includes taking steps to confirm that the intended service address is the defendant's address at all. See, ex., Taron Partners, LLC v. McCormick, 173 A.D.3d 927, 929 (N.Y. Sup. Ct. App. Div. 2d Dept 2019) ("The process server also described the means she used to verify the defendant's residential address, namely, that she spoke with a neighbor who stated that the defendant lived at that address"). Accordingly, the Court should conclude that Plaintiff cannot allege good cause for her failure to serve Collier with the summons and complaint.

Once it determines that service was not properly completed and that no good cause was alleged for the failure, the Court will next decide whether, even in the absence of good cause, Plaintiff's time to serve Collier should be extended. "In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by

8

extending plaintiff's time for service." DeLuca v. AccessIT Group, Inc., 695 F.Supp.2d 54, 66 (S.D.N.Y. 2010) (collecting cases).

Two of these factors clearly favor dismissal. Defendant did not have actual notice of the claims herein prior to Plaintiff's counsel calling her on the telephone on October 26, 2022, after Plaintiff's time to complete service had already expired. Collier Decl. ¶ 21. Plaintiff does not, and cannot, allege otherwise. As Defendant had no notice, there can similarly be no allegation that Collier attempted to conceal the defect in service. Indeed, once she received notice, Collier acted promptly to retain counsel and make the instant motion.

For another factor, the applicable statutes of limitations, the situation is less clear. The statute of limitations for Plaintiff's New York Labor Law claims is six years. *See* N.Y. Lab. Law § 663(3) ("an action to recover upon a liability imposed by this article must be commenced within six years"). Plaintiff's period of employment began in March of 2016, Complaint, Docket No. 1 ¶ 6. With the benefit of the New York Executive Orders which tolled the statute of limitations, *see* Flaherty v. Dixon, 22 CIV. 2642 (LGS), 2023 WL 2051861, at *4 (S.D.N.Y. Feb. 16, 2023), the earliest of Baratova's claims would have become untimely on or about October 15, 2022, but the majority of the pay periods at issue remain timely and there is no bar to her refiling them.

The situation is less clear concerning Baratova's FLSA claims, for which the longest statute of limitations is three years, and even then, only upon a finding that the violations were intentional. "The statute of limitations for a claim brought pursuant to FLSA is "two years from the date the cause of action accrued, unless it is a willful violation, for which the statutory limitations period is extended to three years." Alvarez v. Michael Anthony George Const. Corp., 15 F.Supp.3d 285, 296 (E.D.N.Y. 2014) *citing* Eschmann v. White Plains Crane Serv., 11 Civ. 5881 (KAM) (VVP), 2014 WL 1224247, at *9, at *27 (E.D.N.Y. Mar. 24, 2014).

It thus appears that even at the time this action was commenced on May 18, 2022, the majority of Baratova's claims under FLSA were already untimely. This was not a situation of the Defendant's making, but rather already an issue at the time of commencement of this action.[1] Even if the entirety of Plaintiff's FLSA claims would be time-barred, however, she still has her Labor Law claims, and since in any event she may not recover under both FLSA and New York Labor Law, she will not thereby suffer any prejudice which did not already exist at the time of this action's commencement. Mahoney v. Amekk Corp., 14CIV4131ENVVMS, 2016 WL 6585810, at *15 (E.D.N.Y. Sept. 30, 2016), *report and recommendation adopted*, 14CV4131ENVVMS, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016).

Three of these factors, therefore, favor the denial of an extension in this case. The final question, of potential prejudice to the Plaintiff resulting from a dismissal, the situation is likewise not entirely clear, but swings in the Defendant's direction. The majority of Plaintiff's Labor Law claims would still be timely if she promptly recommenced, and to whatever extent her FLSA claims would be time-barred, it appears that they were already mostly untimely when the complaint was filed, a matter of little consequence as any relief she might have obtained under FLSA is available to Plaintiff under her New York Labor Law claims. Further, there would be manifest prejudice to the Defendant if she were compelled to defend claims which were already time-barred at the time of commencement. Zapata v. City of New York, 502 F.3d 192, 198 (2d Cir 2007) ("It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired"). Any prejudice accruing to the Plaintiff because of the statute of limitations had already begun to accrue as of the date of the

---

[1] Defendant, in reliance on Plaintiff's good faith, assumes for the purposes of this motion that no FLSA-specific damages were included in Plaintiff's damages calculations. Docket No. 15 at 10.

10

commencement of this action, a state of affairs for which the Defendant manifestly bears no responsibility.

The Court should find, therefore, that Plaintiff did not complete service on Sophia Collier within 120 days of the filing of the summons and complaint. The Court should further find that the Plaintiff did not exercise due diligence in carrying out service, cannot offer good cause for her failure to complete service and, upon that finding, should further find that the equities favor the Defendant, and dismiss the complaint.

## CONCLUSION

For the reasons stated above, Defendant's motion should be granted, and this Court should enter an Order: (i) dismissing the Complaint for failure to state a claim upon which relief may be granted; or, in the alternative, (ii) dismissing the Complaint for insufficient service of process; and, (iii) for such other relief as this Court deems just and proper.


Dated: Brooklyn, New York
       February 20, 2023

                                          ABRAMS FENSTERMAN, LLP

                    By:    */s/ Adam M. Birnbaum*
                            Adam M. Birnbaum, Esq.
                            1 Metrotech Center, Suite 1701
                            Brooklyn, New York 11201
                            T: (718) 215-5300 x643
                            E: abirnbaum@abramslaw.com
                            *Attorneys for Defendant*